IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 20 A 10 08

CLERK
S. DIST. OF GA.

ROBERT LORENZO WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV206-104

D. L. HOBBS; ROBERT McFADDEN;
J. DUNCAN; T. ELLIS; Dr. L. BURGOS;
Dr. CHIPPI; DIRECTOR of BUREAU OF
PRISONS; DIRECTOR of DEPARTMENT
OF JUSTICE; THE DEPARTMENT OF
JUSTICE, ALBERTO GONZALES,
Attorney General; and B. AREMU, PA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163 (1980); Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants: D. L. Hobbs, who was the Warden at the time Plaintiff arrived at FCI Jesup; R. McFadden, the current Warden; J. Duncan, the Assistant Warden over Care and Treatment; T. Ellis, the Health Administrator; Alberto Gonzales, the Attorney General of the United States; the Director of the Bureau of Prisons; and the Director of the Department of Justice.  Plaintiff avers that these individuals "knew or should have known" of his medical conditions and his need for treatment.  It appears that Plaintiff wishes to hold these individuals liable for the alleged violations of his constitutional rights based solely on their supervisory roles.  However, Plaintiff is not permitted to do so, as

2

"[i]t is well established in this [C]ircuit that supervisory official are not liable under <u>Bivens</u> for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003).

Plaintiff also names the Department of Justice as a Defendant. The proper defendants in a <u>Bivens</u> claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. <u>FDIC v. Meyer</u>, 510 U.S. 471, 485-486, 114 S. Ct. 996, 1005-1006, 127 L. Ed. 2d 308 (1994). To the extent the Department of Justice is the employer of any individually named Defendants, Plaintiff's claims against the Department of Justice cannot be sustained.

Plaintiff contends that Defendants Burgos, Chippi, and Aremu have not had him tested for colon cancer, despite their knowledge that several members of Plaintiff's family have been diagnosed with colon cancer. The Eighth Amendment's proscription against cruel and unusual punishment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. <u>Estelle</u>, 429 U.S. at 104, 97 S. Ct. at 291. Plaintiff has failed to show that these Defendants should have tested him for colon cancer.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the claims against Defendants Hobbs, McFadden, Duncan, Ellis, Gonzales, the Director of the Bureau of Prisons, the Director of the Department of Justice, and the Department of Justice be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims that Defendants Burgos, Chippi, and Aremu were deliberately indifferent to Plaintiff's medical needs by failing to test him for colon cancer be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 20th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)