IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT LORENZO WILLIAMS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV206-104

Dr. L. BURGOS; Dr. CHIPPI,
and B. AREMU, PA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Defendants Burgos, Chippi, and Aremu ("Defendants") filed a Motion to Dismiss. Plaintiff filed a Response, and Defendants filed a Reply. The undersigned converted Defendants' Motion to Dismiss into a Motion for Summary Judgment, as documents outside of the pleadings were considered. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends Defendant Burgos, who was the doctor at FCI Jesup when he arrived; Defendant Chippi, who is currently the doctor at FCI Jesup; and Defendant Aremu, a physicians' assistant at FCI Jesup, have failed to provide him with medical

treatment for Hepatitis C since his arrival at the prison. Defendants assert Plaintiff has not exhausted his administrative remedies, and accordingly, his Complaint should be dismissed.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may

2

discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert Plaintiff submitted an Administrative Remedy Request pertaining to his claims of receiving inadequate medical care at the institutional level. Defendants also assert Plaintiff filed an appeal of the denial of his Request with the Regional Office. However, Defendants further assert, Plaintiff did not file an appeal of the denial at the Regional Office level with the Central Office. Thus, Defendants contend, Plaintiff failed to exhaust his administrative remedies prior to the filing of his Complaint.

Plaintiff avers he placed his BP-11, his final administrative appeal, in the mailbox at FCI Jesup to be forwarded to the General Counsel at the Central Office; he has yet to receive a response from the Central Office. Plaintiff asserts he should not be penalized for his alleged failure to exhaust his administrative remedies because he placed his final appeal in the institution's outgoing mailbox, and he is not to blame for the failure of this appeal to reach its destination.

Defendants counter that, pursuant to the Bureau of Prisons' administrative remedy regulations, an appeal is deemed "filed" when it is "logged into the Administrative Remedy Index as received." (Doc. No. 26, pp. 4-5.) Defendants allege

that, even if it were true Plaintiff mailed his BP-11, this is not the same as Plaintiff's BP-11 being filed for exhaustion purposes.

Where Congress explicitly mandates, federal prisoners seeking relief under Bivens must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, ___ U .S. ___, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at ___, 126 S. Ct. at 2386. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Furthermore, "[t]he Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these

4

regulations, an inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). Id. Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id. "[A] Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

The evidence before the Court reveals Plaintiff filed an Administrative Remedy Request pertaining to his contentions that he has received inadequate medical treatment at the institutional level, and his request was denied. This evidence also reveals Plaintiff filed an appeal of the denial of his request at the institutional level with the Regional Office. (Defs.' Att. A, pp. 3-4; Pl.'s Aff., ¶ 1). However, there is no evidence before the Court that Plaintiff filed an appeal with the Central Office. (Defs.' Att. A, pp. 3-4; Vandivier Decl., ¶¶ 4-5). The Court notes Plaintiff's assertion that he mailed his appeal to the Central Office by placing his appeal in FCI Jesup's outgoing mail. However, the Bureau of Prisons' regulations deem an appeal to be filed when the appeal has been logged in the Index as received. The Bureau of Prisons has defined "filed" within its regulations in an unambiguous manner, and thus, the "prison mailbox rule" Plaintiff seeks to invoke is inapplicable. See Longenette v. Krusing, 322 F.3d 758, 764-65 (3rd Cir. 2003) (noting that, when "filed" is not clearly defined, a mailing is considered filed when an individual places the document in the mail; however, when "filed" is clearly defined, a document is not considered filed until it satisfies the given definition). Stated another way, even accepting as true Plaintiff's assertion that he

5

mailed an appeal to the Central Office, Plaintiff has not exhausted his administrative remedies concerning his claims that he received inadequate medical treatment because no such appeal to the Central Office has been logged into FCI Jesup's "Administrative Remedy Generalized Retrieval" system. Plaintiff has failed to create a genuine issue of material fact that he exhausted his administrative remedies within the requirements set forth by the Bureau of Prisons. Thus, Plaintiff has not overcome the burden applicable to motions for summary judgment.

To the extent Plaintiff avers he was not required to exhaust his administrative remedies prior to filing his Complaint because his claims fall under the "ADA" and "FRA", this averment is without merit. Plaintiff's Complaint concerns the conditions of his confinement, and accordingly, is subject to the Prison Litigation Reform Act's exhaustion requirement. See 42 U.S.C. § 1997e(a).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion filed by Defendants Burgos, Chippi, and Aremu (Doc. No. 22) be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies.

SO REPORTED and **RECOMMENDED**, this 16th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE